In re KONCUS et al.

KATZ v. KONCUS et al.

No. 7521.

Circuit Court of Appeals, Seventh Circuit.

Oct. 23, 1941.

Gerald G. Bolotin, of Chicago, Ill., for appellant.

Maurice H. Kamm and Joseph P. Immel, both of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court entered August 9, 1940, denying appellant's motion to vacate an order of July 17, 1940, dismissing a proceeding under Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202.

On June 7, 1935, appellees, as debtors, filed a petition under said Act for an extension of time within which to pay their debts. A plan was proposed by the debtors in which it was represented that they were the owners of no property except an equity in certain described real estate, encumbered by a trust deed given to secure a bonded indebtedness, and that their only creditors were such bondholders. The plan was accepted by a majority of the creditors and confirmed by the court November 4, 1935. The following provisions were contained in the plan, as confirmed:

"The debtors further agree that in the event there is a default in the terms of this said extension, and said default continues for a period of ninety (90) days,

then there shall be an immediate liquidation of this estate in this Court.

*    *    *

"It is Further Ordered that this Court retain jurisdiction of the debtors and their property during the period of extension in order to protect and preserve the estate and enforce the terms of the extension proposal."

On the date of confirmation the debtors filed with the court an affidavit which, after referring to their proposed extension plan, stated: " * * * that pursuant to the terms of said extension, the debtors have agreed that in the event of a default continued for ninety days, there shall be an immediate liquidation; these debtors, therefore, further agree that in the event of a liquidation they hereby and herein waive any and all claims for dower and homestead in and to the aforementioned premises." On the same date an affidavit was filed by William Koncus, one of the debtors, in which it was recited that he was a wage-earner, and, referring to the extension proposal, stated: " * * * he has agreed to an immediate liquidation if and when a default continues for ninety days. This affiant, therefore, says that he hereby and herein waives any claim that he might have not to be adjudicated a bankrupt and hereby consents to said adjudication, pursuant to the terms of said Plan of Extension as amended."

On April 11, 1940, A. Gillmer, one of the bondholders, filed his petition in the District Court alleging default in numerous particulars on the part of the debtors and praying for a liquidation of the estate as provided for in the order confirming the extension proposal. The petition also alleged waiver by the debtors of dower and homestead interest in the estate, and waiver by the debtor William Koncus of his rights as a wage-earner and his consent to adjudication and liquidation in the event of default. An answer was filed by the debtors to this petition which denied the various allegations concerning default and requested a dismissal of the petition. It will thus be observed that the only issue arising from the petition and answer was whether there had been default on the part of the debtors. Neither the petitioner nor the debtors requested a dismissal of the proceedings.

The matter was referred to a Special Master. The transcript contains nothing concerning the proceedings before the Special Master except that which is recited in his report filed with the court on June 26, 1940. It appears therefrom that a hearing was had and that the debtors were granted leave to amend their answer, although in what respect is not stated. The report states: " * * * Upon hearing, I found that the aforesaid petition of A. Gillmer for an order of liquidation and adjudication of the debtors could not be granted because said debtor, William Koncus, is a wage-earner, and I also ordered that the aforesaid proceeding be dismissed because of default of the debtors. * * *" The debtors were ordered to file a final report and certain requirements were made as to the payment of fees and costs. On July 17, 1940, the court approved the report of the Special Master, found compliance as to the payment of fees and costs, restored the debtors to the possession and control of the property involved, relinquished jurisdiction, closed the estate and terminated the proceeding. The hearing before the Special Master and the entry of the court's order approving the Special Master's report were without notice to appellant—in fact, so far as the record before us discloses, they were without notice to any of the bondholders except Gillmer.

It was this order of July 17, that appellant, by her motion filed August 1, sought to have vacated. On August 9, 1940, the court denied such motion and it is the action of the court in this respect which is assigned as error on this appeal.

Appellant argues that the court was without authority to dismiss and terminate the bankruptcy proceedings for two reasons: (1) that no notice was given to appellant as is required by Sections 58 and 59 of the Bankruptcy Act, Sections 94 and 95, U.S.C.A., 1938, and (2) that by the terms of the extension proposal and order confirming the same, the court was without jurisdiction to dismiss and had authority only to liquidate the estate in the event of default.

We are convinced that the second reason advanced by appellant must be accepted, and we therefore deem it unnecessary to discuss or decide the first one. A study of the provisions of Section 74, in connection with the confirmation order, leads us to the conclusion that the court was without authority to dismiss the proceeding. Paragraph (i) of the Act provides: "Upon its confirmation an exten-

sion proposal shall be binding upon the debtor and his unsecured and secured creditors affected thereby: * * *." It would thus appear that an order of confirmation is conclusive upon the rights and interests of the parties to the same extent as any other judgment or decree. Paragraph (k) provides for the vacation of a confirmation order which has been procured by fraud, provided application is made by a party in interest within six months. Paragraph (j) provides: " * * Upon the confirmation of an extension proposal the court may dismiss the proceeding or retain jurisdiction of the debtor and his property during the period of the extension in order to protect and preserve the estate and enforce the terms of the extension proposal." The court did not dismiss the proceeding upon confirmation, but in the language of the statute, retained jurisdiction "in order to protect and preserve the estate and enforce the terms of the extension proposal." It is evident that in dismissing the proceeding, the court was not protecting or preserving the estate and it is further evident that its dismissal was contrary to the terms of the extension proposal. As already pointed out, the proposal, as confirmed, provided that in the event of default continuing for a period of ninety days " * * * there shall be an immediate liquidation of this estate in this court. * * *" To hold that the court may dismiss a proceeding of this character contrary not only to the debtor's proposal as made and confirmed, but to the Statute as well, would seriously impair the efficacy of the Act. It would come near to constituting a fraud upon the creditors whose acceptance has been obtained by, and who have a right to rely upon, the debtor's proposal. A creditor would have no way of knowing whether the debtor was to be bound by his proposal or whether at some future time he could repudiate it by obtaining a dismissal of the proceeding.

In the instant situation one of the inducements offered the creditors by the debtor was that in case of default continuing for a period of ninety days there would be an immediate liquidation of the estate in the court where the proceeding had been instituted. That, no doubt, was one of the inducements which caused a majority of the creditors to accept the proposal. In fact, it might have been the controlling one. It is evident that all of the interested parties recognized the con-

firmation order as binding from the date of its entry, November 4, 1935, until the debtors were charged with default. The latter, after standing off their creditors for five years, sought to repudiate their own proposal so that some other proceeding could be instituted in another court.

■ The Special Master concluded that liquidation and adjudication of the debtors could not be granted because William Koncus, one of the debtors, was a wage-earner, but as already pointed out, this debtor, on the date of confirmation, filed an affidavit expressly waiving any right which he had in this respect. Here again the creditors, no doubt, were induced to accept the proposal by reason of such waiver. Furthermore, it is hardly conceivable that the court would have confirmed the proposal without the debtor's waiver of his right as a wage-earner. We think the conclusion of the Master in this respect was clearly erroneous.

■■ It will be noted that the language of the proposal, as confirmed by the court —" * * * there shall be an immediate liquidation of this estate in this court" is mandatory. It is argued by appellees, however, that the court has a discretion under the Act as to whether liquidation will be ordered, and that, therefore, the mandatory language of the proposal and confirmation order is not controlling. In support of this argument, appellees rely upon a provision in Paragraph *l* (5): " * * * without sufficient reason the debtor defaults in any payment required to be made under the terms of an extension proposal when the court has retained jurisdiction of the debtor or his property, the court may appoint the trustee nominated by the creditors at the first meeting, and if the creditors shall have failed to so nominate, may appoint any other qualified person as trustee to liquidate the estate." The argument proceeds that the appointment of a trustee being discretionary, it follows that liquidation of the estate is also discretionary. We are of the opinion that the language relied upon is not susceptible of such a construction. Paragraph (d) (2) provides that the creditors at their first meeting may nominate a trustee. The only discretion given the court by the language just quoted from Paragraph (*l*)(5) is to appoint a trustee of its own choosing in the event that the creditors have failed to nominate one at their first meeting. The language is mandatory,

however, in the sense that the court is obligated to exercise the latter alternative in the event that the former is not available. We think it is plain that there is nothing in the Act which conflicts with the mandatory language of the debtors' proposal and the court's order confirming the same by which an immediate liquidation was to be had upon default by the debtors.

Having concluded that the court was without authority to terminate the proceeding, we are further of the opinion that appellant's motion to vacate such order should have been allowed. Appellant was an interested party and bound by the confirmation order. Her rights as well as those of all other interested parties, were fixed thereby. By the erroneous order terminating the proceeding, such rights were extinguished, and this without notice. By the terms of the proposal and order, the only question open for consideration was that of default. When this was determined adversely to the debtors the appointment of a trustee for the purpose of liquidating the estate, should have followed.

The order appealed from is therefore reversed with directions to allow appellant's motion to vacate the order terminating the proceeding.